Exhibit F

# ALPINE SECURITIES
*Stock Brokerage & Investment Company*

September 5, 2017

VStock Transfer, LLC
18 LAFAYETTE PLACE
WOODMERE, NY 11598

## Transfer Instructions

CUSIP: 74274K109          Security Name: PROBILITY MEDIA CORP

## Certificates to Cancel

| Description: | Date: | Certificates: | Denomination: |
|---|---|---|---|
| MESA STRATEGIES | 6/21/2017 | 1237 | 1,000,000 |

## Certificates to Issue

| Account Name: | ID: | Denominations: | Fees: |
|---|---|---|---|
| ALPCO | 87-0403873 | | |
| 39 Exchange Place | | 1,000,000 | 35.00 |
| Salt Lake City, UT 84111 | | *UNRESTRICTED* | |
| | | RESTRICTION REMOVAL: | 35.00 |
| | | CANCEL FEE: | 10.00 |
| **Totals:** | | 1,000,000 | 80.00 |

Instructions: RULE 144 FREE UP
Account #: 492697776
TCN #: 492697776 248 2017

## *** Please call if Payment is incorrect***                    MP

### Please remit certificates after transfer via FedEx Priority Overnight back to:

Alpine Securities
39 Exchange Place
Salt Lake City, UT 84111
Tel# 801-355-5588
**FedEx # 121560747**

39 Exchange Place  |  Salt Lake City, UT 84111
p (801) 355-5588  |  f (801) 355-5742  |  toll free (800) 274-5588  |  www.alpine-securities.com
Member FINRA/SIPC

Exhbit I - page 1

| NUMBER | RULE 144 - RESTRICTED SHARES | SHARES |
|---|---|---|
| **1237**  1237 | The shares represented by this certificate have not been registered under the Securities Act of 1933 (the "Act"), and are Restricted Securities as that term is defined in Rule 144 under the Act, and requires written release from either the issuing company or their attorney prior to legend removal. | 1000000 |

# PROBILITY MEDIA CORPORATION

INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA

PAR VALUE $0.001
COMMON STOCK

CUSIP NO. 74274K 10 9

**THIS CERTIFIES THAT**

MESA STRATEGIES INC   0199   I44

is the owner of     1000000

CANCELLED

FULLY PAID AND NON-ASSESSABLE SHARES OF THE COMMON STOCK PAR VALUE OF $0.001 EACH OF

## PROBILITY MEDIA CORPORATION

transferable on the books of the Corporation in person or by duly authorized attorney upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar. Witness the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

CEO

COO

CFO

DATED:     06/21/2017

Countersigned and Registered:

By

SIGNATURE STOCK TRANSFER, INC.
(Addison, Texas) Transfer Agent

Authorized Signature

COST BASIS ON FILE

PROBILITY MEDIA CORPORATION
CORPORATE
Seal
NEVADA

## Certification of Corporate Authorization (General)

(See Rules 198 and 199 of Rules of Board of Governors of New York Stock Exchange)

I, *ALLAN LIGI* , being duly constituted Secretary of

*MESA STRATEGIES INC* , a corporation organized and existing under and by virtue

of the Laws of the State of *NEVADA* (hereinafter called this Corporation) do hereby

certify that the following is a true and complete copy of resolutions duly adopted at a meeting of the Board of

Directors of this Corporation, duly called and held on *6-21-17*, at which a quorum was present and voting:

that said resolutions are still in full force and effect and have not been rescinded; and that said resolutions are not

in conflict with the Charter or By-Laws of this Corporation:

> RESOLVED: That any of the following officers, to wit: *ALLAN LIGI*
> *AND Jordan Jared Booker* of this
> Corporation be, and they hereby are, fully authorized and empowered to transfer, convert, endorse, sell,
> assign, set over and deliver any and all shares of stock, bonds, debentures, notes, subscription warrants,
> stock purchase warrants, evidences of indebtedness or other securities now or hereafter standing in the
> name of or owned by this Corporation, and to make, execute and deliver, under the corporate seal of this
> Corporation or otherwise, any and all written instruments of assignment and transfer necessary or proper
> to effectuate the authority hereby conferred.

> FURTHER RESOLVED: That whenever there shall be annexed to any instrument of
> assignment and transfer, executed pursuant to and in accordance with the foregoing resolution,
> a certificate of the Secretary or an Assistant Secretary of this Corporation in office at the date of such
> certificate, and such certificate shall set forth these resolutions and shall state that these resolutions are in
> full force and effect, and shall also set forth the names of persons who are then officers of this
> Corporation, then all persons to whom such instrument with the annexed certificate shall thereafter come,
> shall be entitled, without further inquiry or investigation and regardless of the date of such certificate, to
> assume and to act in reliance upon the assumption that the shares of stock or other securities named in
> such instrument were theretofore duly and properly transferred, endorsed, sold, assigned, set over and
> delivered by this Corporation and that with respect to such securities and authority of these resolutions
> and of such officers is still in full force and effect.

I further certify that the following is a true and correct list of the present officers of this
Corporation:

*ALLAN LIGI* President *ALLAN LIGI* Secretary

*ALLAN Ligi* Vice Pres. *ALLAN Ligi* Treasurer

The Company and its Board of Directors further irrevocably undertakes and agrees that Alpine Securities
Corp. may rely on the actions authorized, authority granted and representations made in the foregoing
resolutions until such time and the Corporation notifies Alpine Securities Corp. in writing that said
resolutions have been modified, amended and/or revoked.

Date *6-22-17*

_____
(Signature of Secretary)

(Seal)

Signature Guaranteed:

Exhibt I - page 3



# ALPINE SECURITIES
*Stock Brokerage & Investment Company*

Re: Removal of Restrictive Legend Pursuant to Rule 144(b)

*Probility Media Corp*
Issuer (the "Company")

*Mesa Strategies Inc*                                    *49269776*
Full Name of Shareholder                                  Account Number

*1,000,000*                *1237*
Total Shares               Certificate No(s)

To Whom It May Concern:

    This letter is submitted to you and the Company in connection with my request that the restrictive legend on the certificate(s) representing the above identified securities (the "Securities") be removed pursuant to rule 144 promulgated under the Securities Act of 1933 ("Rule 144"). In connection therewith, the undersigned represents and warrants to you and the Company as follows:

1.  The undersigned is not and has not been during the preceding three months, an "affiliate" of the Company as that term is defined in paragraph (a) (1) of Rule 144.

2.  The undersigned has fully paid for, beneficially owned, and held the shares of the Company for a period of                                        *(SEE OPINION)*

    ☒  Six Months (If issuer is an SEC reporting company) or

    ☐  One Year in accordance with paragraph (d) of rule 144 as amended on 2/15/2008

3.  These certificates are not issued from a Shell / Blank Check Company as defined by the SEC.

The undersigned is familiar with Rule 144 promulgated under the Securities Act of 1933 and agrees that you and the Company may rely upon the above statements.

Sincerely,

_____              _____ *P-2-17* _____
Signature of Shareholder                      Date

*Allan Ligi*
(Print Name)

_____              _____
Signature of Joint Shareholder (If applicable)   Date

_____
(Print Name)

39 Exchange Place | Salt Lake City, UT 84111
p (801) 355-5588 | f (801) 355-5742 | toll free (800) 274-5588 | alpine-securities.com
Member FINRA & SIPC

Updated March 2017

Exhibit I - page 4



# ALPINE SECURITIES

*Stock Brokerage & Investment Company*

## BROKER REPRESENTATION LETTER

In order to induce _Probility Media Corporation_ (the "Company") and its transfer agent to transfer the following securities which are owned by _Mesa Strategies Inc_ ("Seller"), the undersigned certifies that pursuant to instructions received by the undersigned it has sold or is about to sell for Seller's Account the following securities, in a manner satisfying the requirements of Section(g), Rule 144 of the Securities Act of 1933.

| CLASS OF SECURITIY | CERT NO. | NO. OF SHARES | REGISTERED NAME | NAME TO WHICH SECURITY WILL BE TRANSFERRED | DATE OF SALE |
|---|---|---|---|---|---|
| Common | 1237 | 1,000,000 | Mesa Strategies Inc | ALPCO | TBD |

The Undersigned represents that:

1. The undersigned did no more or will do no more than execute the sell order as agent for Seller and will receive no more than the usual customary broker's commission:

2. The undersigned neither solicited nor arranged for the solicitation of customer's orders to buy the above securities in anticipation of or in connection with the transaction, other than inquiries to other brokers or dealers who had indicated an interest within 60 days preceding the date of receipt of the sell order:

3. The undersigned, after reasonable inquiry (including, as may be warranted review of supporting documentation, and as applicable, any opinion of counsel with respect to Rule 144 and a Form 144, if any, completed by Seller), is not aware of any circumstance indicating that Seller is an underwriter with respect to or is participating in a distribution of such securities; and

4. The undersigned, after such reasonable inquiry, is not aware of any facts indicating that the information supplied by Seller to the undersigned in connections with the sale of the above described securities was not complete and accurate as of the date of the sale of such securities.

Very truly yours,

Alpine Securities (Broker/Dealer)

By: _____      Date: ___8/1/17___

___JOSHUA BOYER, OPERATIONS PRINCIPAL___ (print or type name and title)

39 Exchange Place | Salt Lake City, UT 84111
p (801) 355-5588 | f (801) 355-5742 | toll free (800) 274-5588 | alpine-securities.com
Member FINRA & SIPC

Exhbit I - page 5

# NICHOLAS F. COSCIA, ESQ.

Attorney at Law
P.O. Box 789
Cardiff-by-the-Sea, CA 92007
(619) 993-3361
Email: Nick@CosciaSEC.com

June 26, 2017

Signature Stock Transfer, Inc.
14673 Midway Rd., Suite 220
Addison, TX. 750001
Attn: Jason Bogutsky

Alpine Securities Corporation
39 Exchange Place
Salt Lake City, UT 84111

Re: Issuance of 1,000,000 shares of $0.001 par value common stock (the "Shares") of Probility Media Corporation (the "Company") to Mesa Strategies, Inc. (the "Holder") pursuant to Section 3(a)(10) of the Securities Act of 1933 (the "Act") (the "Transaction").

Dear Mr. Bogutsky:

The Holder has requested us to review and consider the Transaction with respect to the application of Section 3(a) (10) of the Act to it.

We have also been asked to note that, based upon our investigation and review of the Documents, as defined hereinafter, we are of the opinion that the Company was not, at the time of the Settlement and Release entered into between the Company and the Holder as a part of the Transaction, and is not now a "shell company" as that term is defined in Rule 144 (i). Under Rule 144(i) a "shell company" is generally defined as a company that has no or nominal operations and either nominal assets, assets consisting of cash and/or cash equivalents and nominal other assets.

Specifically, the Company has requested our opinion as to whether under the facts set forth herein the Shares are exempt from the registration requirements of Section 5 of the Act by virtue of the exemption set forth in Section 3(a)(10) of the Act.

In relevant part, Section 3(a)(10) of the Act provides an exemption from the registration requirements of Section 5 of the Act for securities: (i) which are issued in

Signature Stock Transfer, Inc.
June 26, 2017 page 2

exchange for a bona fide claim, (ii) where the terms of the issuance and exchange are found, after a hearing open to everyone to whom the securities would be issued in connection with the proposed transaction, by a court or government entity expressly authorized by law to hold such a hearing, to be fair to those receiving shares, (iii) notice of the hearing is provided to those to receive shares and they are afforded the opportunity to be heard, (iv) the issuer advises the court prior to its hearing that it intends to rely on the exemption provided in Section 3(a)(10) of the Act, and (v) where there was no improper impediments to the appearance of interested parties at the hearing.

As counsel with respect to these requests, we have reviewed and relied upon certain representations of the Holder (the "Representations") and on documents provided to us by the Holder relating to the Transaction and on filings made by the Company with the United States Securities and Exchange Commission (the "SEC"), including, but not limited to:

(1)   That certain Secured Convertible Promissory Note by and between the Company and Typenex Co-Investment, LLC a Utah limited liability company ("TCIL") in the original face amount of $1,200,000.00 dated August 20, 2015 ( the " Note");

(2)   That certain Note Purchase Agreement  by and between the TCIL and the Holder dated May 12, 2017 (the "NPA");

(3)   That certain Assignment Agreement by and between TCIL and the Holder dated May 12, 2017;

(4)   That certain 10% Convertible Note by and between the Company and the Holder dated June 9, 2017;

(5)   That certain Settlement Agreement and Release by and between the Company and the Holder dated June 9, 2017 ( the "Settlement Agreement");

(6)   The summons and complaint, service package and all pleadings and Exhibits thereto filed in Mesa Strategies, Inc, a Nevada corporation. v. Probility Media, Inc ., a Nevada corporation, et al. San Diego County Superior Court, Central Division case No. 37-2017-0001179738-CU-BC-CTL ("Mesa v.PMI") ;

(7)   The Order Approving Settlement of Claims issued and executed by the Honorable Randa Trapp in Mesa v. PMI on June 20, 2017 (the "Order"); and

(8)   The Company's annual report on Form 10 -K for the fiscal year ended May 31, 2016 filed with the SEC on September 13, 2016 and quarterly report on Form 10-Q for the fiscal quarter ended April 30, 2017 filed on June 19, 2017 and all intervening reports filed with the SEC.

As part of the Representations the Holder has advised us and permitted us to rely on, without us independently investigating any of the Representations, each of the following in connection with our issuance of the opinions expressed herein that: a. under

Signature Stock Transfer, Inc.
June 26, 2017 page 3

of the Order and pursuant to Section 4 of the Settlement Agreement the Court approved the issuance of the Shares to the Holder; b. In accordance with the terms of the Settlement,  Agreement the Court was advised of Company's intention to rely upon the exemption to the registration requirements of Section 5 of the Act set forth in Section 3(a)(l0) of the Act to support the issuance of the Shares and the Court held a fairness hearing regarding the issuance (the "Hearing"); c. .As noted in the Order, the Hearing was held on June 20, 2017 upon the consent of the parties and the parties had adequate notice of and the ability to be heard at the Hearing; d. The complete terms of the Settlement Agreement were disclosed at the Hearing; e. As set forth in the Order, the Court found that the terms and conditions of the exchange were fair to the Shareholder within the meaning of Section 3(a)(10) of the Act; and, f. neither the Holder or any of its affiliates have ever been and are not now Officers, Directors, Control Persons, Promoters or owners of Ten Percent (10%)  or more of the Company's equity securities or any other securities convertible into more than Ten Percent (10%) or more of any class of the Company's securities.

Based upon all of the foregoing, it is our opinion that the subject Shares: (i) may be issued under the exception to the registration requirements of Section 5 of the Act as provided in Section 3(a)(10) of the Act; and (ii) may be issued free of any restrictive legend and any existing restrictive legend(s) may be removed.. Furthermore, we are of opinion that at this time and as of the date of the execution of the Settlement Agreement, the Company was not a "shell company" as the term is defined in Rule 144(i).

The opinions expressed herein represent our reasonable professional judgment as to the matters of law addressed herein, based upon the facts presented or assumed, and are not guarantees that a court reviewing the Transaction will reach any particular result. This opinion letter is limited to the matters stated herein, and no opinion is implied or may be inferred beyond the matters expressly stated. The opinions set forth herein are based expressly on the facts stated herein, and may not be relied upon in the event that other facts, not presently known to us, come to light. Opinion letters of counsel are not binding upon the Securities and Exchange Commission (SEC) or the Courts, and to the extent that persons relying upon this letter may have knowledge of facts and circumstances that are contrary to those upon which this opinion is based, this opinion would not be applicable. I am admitted to practice law in the State and Federal Courts of California. The opinions expressed above are limited to the Federal Laws of the United States of America and no opinion is provided regarding any federal or state law not specifically referenced herein.

The opinions set forth herein are expressed as of the date hereof and remain valid so long as the Representations and Documents we have examined and relied upon as noted above are unchanged and the assumptions we have made, as noted above, are valid. If any facts or documents are determined to be incorrect, misstated, or misrepresented, then the opinion or opinions expressed herein may not continue to be valid. Furthermore, the opinions herein are rendered as of the date hereof, and we disclaim any undertaking to advise you hereafter of developments hereafter occurring or

Signature Stock Transfer, Inc.
June 26, 2017 page 4

coming to our attention, whether or not the same would (if now existing and known to us) cause any change or modification herein.

The Company, any broker-dealer, any clearing firm and the Holder are authorized to present this letter and to rely on this opinion in selling the shares of common stock and in registering transfer thereof. No other use of this opinion is authorized. This opinion may not be relied upon by any other party for any other purpose and may not be reproduced or distributed (except to governmental or regulatory agencies as required by regulation or law) without the prior written permission of the undersigned.

Please call the undersigned if you have any questions

Very truly yours,

Nicholas F. Coscia, Esq.

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
## CENTRAL

## MINUTE ORDER

DATE: 06/20/2017                    TIME: 08:30:00 AM          DEPT:  C-70

JUDICIAL OFFICER PRESIDING: Randa Trapp
CLERK:  Anthony Shirley
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  S. Parriott

CASE NO: **37-2017-00019738-CU-BC-CTL**  CASE INIT.DATE: 05/31/2017
CASE TITLE: **Mesa Strategies Inc vs. Probility Media Group Inc [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Breach of Contract/Warranty

**EVENT TYPE**: Ex Parte

**APPEARANCES**
ALAN L ATLAS, counsel, present for Plaintiff(s).
Rob D Cucher, counsel, present for Defendant(s) telephonically.

**Plaintiff's Joint Ex Parte Application to Approve Settlement**

The Court hears arguments of counsel.

The Court's tentative ruling is to grant the request.  The clerk will telephone attorney Atlas with the Court's final ruling before the end of the day.

1:30 pm  The Ex Parte Application is granted.  The Court signs the proposed order

Judge Randa  Trapp

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/12/2017** at 10:01:00 AM

Clerk of the Superior Court
By Cody Newlan,Deputy Clerk

1   Alan L. Atlas (State Bar No. 141552)
    440 Citracado Parkway, #11
2   Escondido, California 92025
    Office: (760) 294-0727
3   Cell: (619) 888-5575
    Email: alanlatlas@aol.com
4
5   Attorney for Plaintiff Mesa Strategies, Inc.

6   Rob D. Cucher (State Bar No. 219726)
    315 S. Beverly Drive, Suite 310
7   Beverly Hills, CA 90212
    Office: (310) 795-5356
    Facsimile: (310) 837-1996
8   Email: cucherlaw@msn.com

9   Attorney for Defendant Probility Media Corporation

10

11               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **COUNTY OF SAN DIEGO**
                           **CENTRAL DIVISION**
13

14   MESA STRATEGIES, INC., a California      Case No.: 37-2017-00019738 -CU-BC-CTL
     corporation,
15                                            Assigned for All Purposes to:
                    Plaintiff,                Hon. Randa Trapp
16
            vs.                               **DECLARATION OF STEVEN PLUMB**
17                                            **IN SUPPORT OF JOINT EX PARTE**
     PROBILITY MEDIA CORPORATION, also        **APPLICATION FOR ORDER**
18   known as Probility Media Group, Inc., and **APPROVING SETTLEMENT OF**
     formerly known as Panther Biotechnology,  **CLAIMS**
     Inc., a Nevada corporation, and DOES 1-10
19   inclusive,
                                              [Cal. Corp. Code §25017(f)(3)]
20                  Defendants.
                                              IMAGED FILE
21
                                              Date: June 20, 2017
22                                            Time: 8:30 am
                                              Dept.: C-70
23
24                                            Trial Date: None Set

25   ///

26   ///

27   ///

28                                        1

     DECLARATION OF STEVEN PLUMB IN SUPPORT OF JOINT EX PARTE APPLICATION FOR ORDER
                    APPROVING SETTLEMENT OF CLAIMS

**DECLARATION OF STEVEN PLUMB**

I, Steven Plumb, hereby declare:

1.     I am the Chief Financial Officer of Probility Media Corporation ("PROBILITY"), the defendant in this action. I have personal knowledge of the facts set forth herein and, if called to testify as a witness, could and would testify truthfully and competently thereto.

2.     I submit this Declaration in support of the Joint Ex Parte Application For Order Approving Settlement of Claims filed jointly by PROBILITY and Mesa Strategies, Inc. ("MESA"). PROBILITY and MESA each fully support the Application and ask that the Court grant it in its entirety.

3.     PROBILITY is an online provider of compliance, career advancement and training content for tradesmen and technical experts in a wide variety of professions with its corporate offices located in Houston, Texas. PROBILITY is a public company whose stock is traded over-the-counter under the trading symbol "PBYA." MESA is a creditor of PROBILITY, located in Poway, California. MESA purchased a convertible note issued by PROBILITY to Typenex Co-Investment, LLC dated August 20, 2015 (the "Typenex Note"). The Typenex Note and the documents assigning the Typenex Note to MESA are attached as exhibits to the Complaint.

4.     The amount owed to MESA by PROBILITY under the Typenex Note is $188,250 plus interest at 10% on that amount from May 12, 2017. As part of the settlement negotiated by the parties, MESA has advanced an additional $11,750 to PROBILITY so that the total amount currently owed by PROBILITY to MESA is $200,000 plus interest, attorney fees, costs, and expenses.

5.     I acknowledge, on behalf of PROBILITY, that the claims owned by MESA are bona fide outstanding obligations of PROBILITY, for due and proper consideration provided to PROBILITY in good faith.  Based upon MESA's ownership of the Typenex Note and the additional amount advanced to PROBILITY by MESA, PROBILITY

2

DECLARATION OF STEVEN PLUMB IN SUPPORT OF JOINT EX PARTE APPLICATION FOR ORDER
APPROVING SETTLEMENT OF CLAIMS

1    acknowledges that it is obligated to pay MESA the full amount of the claims contained in the

2    Settlement Agreement and Release which is being submitted jointly herewith, without

3    counterclaim or right of offset.

4           6.      PROBILITY has engaged in substantial settlement discussions with MESA

5    concerning satisfaction of the claims.  PROBILITY desires to satisfy MESA's claims in

6    exchange for shares of PROBILITY common stock.  As a result of those discussions and

7    based upon PROBILITY's financial situation, in full and final settlement of the claims,

8    PROBILITY has agreed to issue, and MESA has—subject to Court approval—agreed to

9    settle the claims on the terms and conditions set forth in the Settlement Agreement and

10   Release.

11          7.      Under the terms of the Settlement Agreement and Release, PROBILITY will

12   issue MESA a convertible note in the principal amount of $200,000 (the "New Note") in

13   substitution for the Typenex Note. The New Note may be converted by MESA, in whole or

14   in part, into shares of PROBILITY common stock at a price of $0.04 per share, which I

15   believe is a fair price for the following reasons:

16          a.      In February 2017, the Securities and Exchange Commission deemed that

17                  PROBILITY was a shell company. PROBILITY will remain in shell status

18                  until November 8, 2017. Because of this, there is presently no meaningful

19                  market or market price for PROBILITY's common stock. Most days there are

20                  no trades in PROBILITY'S common stock.

21          b       Being deemed a shell company by the Securities and Exchange Commission

22                  has caused PROBILITY great difficulty raising capital to finance its

23                  operations and stay in business. Fortunately, PROBILITY has been able to

24                  raise some capital in the form of high interest rate merchant cash advances and

25                  funds from friends and family.

26          c.      PROBILITY continues to lose a substantial amount of money and had only

27                  $111,561 in cash at the end of the last quarter.

28

3

DECLARATION OF STEVEN PLUMB IN SUPPORT OF JOINT EX PARTE APPLICATION FOR ORDER
APPROVING SETTLEMENT OF CLAIMS

Exhbit I - page 13

8.      The Settlement Agreement and Release is contingent upon court approval. Because of PROBILITY's financial situation, a delay of days or weeks in obtaining court approval may effectively put PROBILITY out of business.

9.      It is my belief that the terms and conditions of the settlement of the claims, as set forth in the Settlement Agreement and Release, are fair, reasonable and adequate to MESA.   Further, the board of directors of PROBILITY has considered the proposed settlement and has resolved that its terms and conditions are fair to, and in the best interests of PROBILITY and its stockholders.  Accordingly, PROBILITY and I respectfully ask that the Court find that the terms and conditions of the issuance and exchange of PROBILITY stock for the claims are fair, and that the Court approve the Settlement Agreement and Release in its entirety and enter the proposed Order as requested.

10.     If this Court approves the Settlement Agreement and Release, PROBILITY intends to rely on exclusion from the definition of a "sale" of securities set forth in Section 25017(f)(3) of the California Corporations Code, and the securities registration exemption set forth in Section 3(a)(10) of the federal Securities Act of 1933, as amended.

I declare under the penalty of perjury pursuant to the laws of the State of California the foregoing is true and correct.

Dated: June 9 , 2017

_____
Steven Plumb

4

DECLARATION OF STEVEN PLUMB IN SUPPORT OF JOINT EX PARTE APPLICATION FOR ORDER APPROVING SETTLEMENT OF CLAIMS

Exhibit I - page 14