# EXHIBIT 1

Wes Felix (USB 6539)
Andrew G. Deiss (USB 7184)
Diana F. Bradley (USB 14603)
Brent A. Orozco (USB 9572)
DEISS LAW PC
10 West 100 South, Suite 425
Salt Lake City, UT 84101
Tel: 801-433-0226
wfelix@deisslaw.com
adeiss@deisslaw.com
dbradley@deisslaw.com
borozco@deisslaw.com

*Attorneys for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| PROBILITY MEDIA CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MESA STRATEGIES, INC., a California corporation, ALPINE SECURITIES CORPORATION, a Utah Corporation, and LAWRENCE D. ISEN, an individual, FSC, LLC, a California Corporation,<br><br>Defendants. | **COMPLAINT**<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiff Probility Media Corporation ("Probility"), through undersigned counsel, complains of Defendants Mesa Strategies, Inc. ("Mesa"), Alpine Securities Corporation ("Alpine"), Lawrence D. Isen ("Mr. Isen"), and FSC, LLC ("FSC") as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Probility Media Corporation is a Corporation organized under the laws of the State of Nevada with its principal place of business at 1517 San Jacinto Street, Houston, Texas 77002.

2. Probility is an online provider of compliance, career advancement and training content for tradesmen and technical experts.

3. Probility is a public company whose stock is traded over-the-counter under the trading symbol "PBYA."

4. Mesa Strategies, Inc. is a corporation organized under the laws of the State of Nevada with is principal place of business located at 18145 Old Coach Drive, Poway, California, 92064-6632.

5. Alpine Securities Corporation is a corporation organized under the laws of the State of Utah with is principal place of business located at 39 Exchange Place, Salt Lake City, Utah 84111.

6. Lawrence D. Isen is an individual, residing in San Diego, California.

7. FSC, LLC is a limited liability company organized under the laws of the State of California located at 10673 Hunters Glen, San Diego, California, 92130.

8. This Court has jurisdiction over the claims asserted herein pursuant to UTAH CODE ANN. §§ 78A-5-102 and 78B-3-205(1)–(3).

9. The claims for relief alleged herein arose in Salt Lake County, Utah. Venue therefore lies in this Court pursuant to UTAH CODE ANN. §§ 78B-3-304 and -307.

## GENERAL ALLEGATIONS

10. In or about July 2017, Probility contracted with Mr. Isen and FSC to, among other things, market the sale of Probility securities.

11. In connection with this agreement, Mr. Isen represented that, in exchange for shares of the common stock of Probility, he would direct another company Mesa to market and sell shares of the common stock of Probility in conjunction with his marketing strategy.

12. At all relevant times, Mr. Isen represented that he was the agent of and could direct the actions of Mesa.

13. Mr. Isen represented that, if shares were transferred to Mesa, he had authority to market the shares and sell them through Mesa or to direct principals of Mesa with respect to the sale of shares.

14. Mr. Isen represented he would effectively market the shares through, among other things, social media broadcasts, newsletters, and the use of electronic mailing lists.

15. On information and belief, Mr. Isen never intended to so market Probility securities.

16. The sole representative of Mesa communicating to and negotiating with Probility was Mr. Isen.

17. Mr. Isen represented he had actual authority to negotiate and enter agreements on behalf of Mesa.

18. Mesa, through Mr. Isen, and Probility entered into an agreement whereby Probility would transfer securities to Mesa in connection with the marketing arrangement with Mr. Isen and Mesa.

19. Mr. Isen represented Mesa would sell shares into the open market in a manner that would ensure a stable market for Probility's shares.

20. Mr. Isen represented Mesa would sell shares only at his direction.

21. The transfer of two million (2,000,000) shares of restricted Probility stock relating to certificate numbers 1236 and 1237 was effected through the negotiated settlement of Mesa's claim for $200,000 based upon a note issued by Probility that was due and owing to Mesa.

22. The Settlement Agreement became effective on or about June 20, 2017.

23. The Settlement Agreement, and the related marketing arrangement, were entered into by Probility on the basis of Mr. Isen's representations regarding his control of Mesa and his ability to effectively and legally market Probility stock.

24. On or about July 12, 2017, Probility became aware Mr. Isen was the subject of criminal charges by the Department of Justice ("DOJ") well as an enforcement action brought by the Securities and Exchange Commission.

25. The DOJ indictment alleged Mr. Isen and others, between January 2014 and July 2017, engaged in a $147 million scheme to defraud investors and potential investors in the sale of multiple over-the-counter stocks.

26. This scheme was effected through the manipulation of stock prices through accounts held in the names of other seemingly unrelated individuals or entities.

27. On or about July 13, 2017, Probility issued a stop order to its transfer agent directing that no action be taken related to those shares held under certificate numbers 1236 and 1237 by Mesa without a written release from Probility prior to transfer.

28. In light of the criminal and civil charges against Mr. Isen, it became clear Mr. Isen's representations on behalf of Mesa were fraudulent and Probility had been fraudulently induced to enter into the Settlement Agreement.

29. In particular, Mr. Isen represented he would market Probability through a legal social media marketing campaign.

30. This representation was false.

31. In addition, Mr. Isen fraudulently failed to disclose that he was under investigation by the United States Government for securities fraud.

32. On July 18, 2017, Probility rescinded its consulting agreement with Mr. Isen and, by proxy, Mesa.

33. On or about July 18, 2017, Probility rescinded and repudiated its agreement with Mr. Isen relating to the marketing of Probility stock as well as the settlement agreement with Mesa.

34. Probility has demanded Mr. Isen and Mesa cease and desist in their efforts to lift the restrictions on the Probility stock certificates and to sell Probility stock, because the transfer of the certificates was based upon fraudulent representations by Mr. Isen acting as agent for Mesa.

35. Directly, and through its transfer agent, VStock Transfer, Probility has requested that Alpine Securities terminate the sale of Mesa controlled Probility securities.

36. Among other misrepresentations, the June 26, 2017 legal opinion provided by Mr. Isen and Mesa to Alpine Securities in relation to the Probility shares is incomplete and contains representations that, in light of Mr. Isen's fraudulent conduct, are false.

37. Among the misrepresentations in the opinion is the assertion that Probility authorized the issuance of the opinion letter on its behalf.

38. Alpine has refused to terminate sales of Mesa's Probility securities in the absence of a court order.

39. Mr. Isen and Mesa have sold and continue to sell Probility stock in large volumes through Alpine Securities.

40. These sales have artificially depressed the price of Probility stock and greatly increased its volatility.

41. The decreased price and the increased volatility in Probability stock have made it difficult or impossible for Probility to capitalize its continuing operations and/or to seek various forms of longer term financing.

42. On or about September 28, 2017, Probility communicated with Alpine Securities and provided information relating to the DOJ indictments.

43. Probility seeks the termination of the improper sale of Probility stock by Mr. Isen and Mesa.

44. Alpine Securities responded that it would take no action unless and until a restraining order was issued by "a Court of competent jurisdiction."

45. On information and belief, Alpine Securities did not conduct a reasonable inquiry in connection with the sale of unregistered securities to determine whether the sale of those securities in its customer Mesa's account would violate the requirements of Section 5 of the Securities Act or would otherwise be impermissible.

46. On information and belief, Alpine Securities did not conduct a reasonable inquiry regarding the opinion letter provided to it by Mesa in light of the facts disclosed to Alpine Securities.

47. Additionally, any association of Probility or its shares with Mr. Isen and organizations affiliated with Mr. Isen causes serious reputational harm to Probility and negatively impacts its ability to build its business.

## FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT AND PERMANENT INJUNCTION)

48. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

49. Alpine Securities is currently brokering the sale of Probility securities controlled by Mesa that were obtained on the basis of fraudulent representations by Mr. Isen and Mesa.

50. In addition, the legal opinion letter relied upon by Alpine Securities contains misrepresentations and the securities controlled by Mesa are not now validly transferable under any exemption to registration under the Securities Act of 1933.

51. In the absence of a court order confirming the improper and illegal control of Probility securities by Mesa, Alpine Securities will not discontinue the sale of those securities.

52. Moreover, Probility contends, pursuant to the plain language of its agreement with Isen and Mesa those securities transferred to Mesa thereunder were restricted and legend removal was prohibited without written release from Probility or its attorney.

53. On information and belief, Mesa and Alpine have removed such legend placed upon the shares in order to sell the same or are relying upon an improper assertion of an exemption from registration under the Securities Act of 1933.

54. On information and belief, Alpine did not conduct a reasonable inquiry in connection with the sale of unregistered securities to determine whether the sale of those securities in its customer Mesa's account would violate the requirements of Section 5 of the Securities Act or would otherwise be impermissible.

55. Plaintiff is entitled to an order from the Court enjoining the sale of Probility securities associated with the certificate numbers 1236 and 1237.

56. Declaratory relief is necessary and appropriate so that the parties may determine the legal status of the contested securities.

57. Declaratory relief is appropriate pursuant to Utah Code Ann. § 78B-6-401 et seq. and Rule 57 of the Utah Rules of Civil Procedure.

## SECOND CAUSE OF ACTION
## (FRAUD)

58. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

59. Mr. Isen and by proxy Mesa made material misrepresentations in connection with the consulting agreement between Mr. Isen and Probility and the related marketing and Settlement Agreement between Mesa and Probility.

60. Mr. Isen failed to disclose his criminal conduct in relation to the marketing of over-the-counter securities, misrepresented his intention and ability to legitimately market Mesa securities and falsely asserted he would market Mesa securities through legal means and through social media.

61. Mr. Isen and Mesa also improperly and on the basis of false representations obtained a legal opinion letter relating to the transferability of Probility securities.

62. Mesa is now selling Probility securities fraudulently obtained from Probility.

63. At the time Defendants Mr. Isen and Mesa made the above statements to Probility they knew that those statements were material and that they were false.

64. Probility reasonably relied on those representations at the time of entering into the consulting and Settlement Agreements.

65. Probility would not have entered into those related agreements if it had known that Defendants' representations were false.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

66. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

67. Probility and Mr. Isen, on behalf of Mesa, entered into a marketing agreement and related Settlement Agreement.

68. Probility performed under the agreement until such time as it became clear that Mr. Isen and Mesa misrepresented their ability to perform and could not perform.

69. From July 12, 2017, Defendants have failed to perform as promised under their agreements.

70. Mr. Isen and Mesa breached the marketing and related Settlement Agreement.

71. Probility has been damaged by Defendants' breach by, among other things, Defendants' control and sale of Probility securities in an amount to be proved at trial.

## JURY DEMAND

Plaintiff demands a trial by jury on all matters that may be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment associated in his favor and for the following relief:

1. A preliminary and permanent injunction restraining all Defendants and anyone associated with Mesa from selling or otherwise transacting in those Probility securities associated with certificate numbers 1236 and 1237.

2. A preliminary and permanent injunction restraining Defendant Alpine Securities from brokering the sale of Probility securities with certificate numbers 1236 and 1237.

3. An award of damages against Defendants in an amount to be proven at trial but not less than $ 300,000;

4. An award of punitive damages as allowed for by law;

5. An award of attorneys' fees and costs as allowed for by law;

6. Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of October, 2017.

DEISS LAW PC

By: /s/ Andrew G. Deiss
Andrew G. Deiss
Wesley D. Felix
*Attorneys for Plaintiff*

Plaintiff's Address:
1517 San Jacinto Street
Houston, Texas 77002