UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBILITY MEDIA CORPORATION,<br><br>         Plaintiff,<br><br>v.<br><br>LAWRENCE D. ISEN et al.,<br><br>         Defendants. | Case No.: 3:17-CV-2583-CAB-WVG<br><br>**ORDER** |

  Upon review of the complaint and of the briefing on the pending motions, two issues require additional briefing.

  First, the Court is not convinced that Plaintiff has standing under Article III of the Constitution to assert the first claim for relief. The briefing on the pending motion to dismiss for failure to state a claim (Doc. No. 4) focuses on whether a private right of action exists for a violation of Section 13(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(d). However, even if a private right of action exists, to have standing to assert such a claim, Plaintiff (or the shareholders on whose behalf Plaintiff purports to act) "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Whether these requirements are satisfied is not apparent from the complaint or briefing.

  Second, although the motion to dismiss the state law claims focuses on the forum selection clauses in the settlement agreement and promissory note, the Court is not

convinced that the state law claims are so related to the alleged federal securities law violations that they form part of the same case or controversy justifying the exercise of supplemental jurisdiction in the first instance. *See* 28 U.S.C. § 1367(a). Further, even assuming exercise of supplemental jurisdiction over the state law claims is permitted, the Court is disinclined to exercise supplemental jurisdiction because the state law claims appear to substantially predominate over the two relatively straightforward federal claims in terms of proof and the scope of the issues raised.[1]

Accordingly, because Plaintiff has the burden of demonstrating jurisdiction, Plaintiff is hereby **ORDERED TO SHOW CAUSE** as to (1) why the first claim for relief should not be dismissed for lack of Article III standing, and (2) why the Court should not decline to exercise supplemental jurisdiction over the state law claims. Plaintiff shall file a brief, not to exceed ten pages, on or before **March 23, 2018**. Defendants are permitted, but not required, to file response briefs of no more than ten pages on or before **March 30, 2018**.

Finally, it is hereby **ORDERED** that oral argument on the jurisdictional issues raised above and on the pending motions to dismiss [Doc. Nos. 3, 4] is set for **April 9, 2018** at **10:30 a.m.** In advance of the hearing, Defendant Mesa Strategies, Inc., shall provide notice to the Court of any rulings related to the motion to enforce the settlement agreement set to be heard in San Diego County Superior Court on March 29, 2018.

It is **SO ORDERED**.

Dated: March 13, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Although the complaint asserts that the Court has diversity jurisdiction (Doc. No. 1 at ¶ 6), Plaintiff and Defendant Mesa Strategies, Inc. are both Nevada corporations (*Id.* at ¶¶ 8, 12), so there is not complete diversity of citizenship.