UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROBILITY MEDIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE D. ISEN et al.,<br><br>Defendant. | Case No.: 3:17-CV-2583-CAB-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>[Doc. No. 4] |

This matter is before the Court on Defendants Mesa Strategies, Inc. ("Mesa") and Alan Ligi's motion to dismiss claims one and two of the complaint for failure to state a claim. The motion has been fully briefed, and the Court held a hearing on April 9, 2018. The first claim for violation of Section 13(d) of the Securities Exchange Act was dismissed at the hearing for the reasons stated on the record. The Court took the second claim for violation of Section 16(b) of the Exchange Act under submission following the hearing.[1] For the following reasons, the motion to dismiss is granted as to that claim as well.

---

[1] By separate order, the Court declined to exercise supplemental jurisdiction over claims three through eleven, so this Section 16(b) claim is the only claim remaining in this lawsuit.

## I. Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## II. Discussion

Section 16(b) of the Exchange Act bars corporate insiders from profiting on short-swing trades, "defined as the purchase and sale of stock within a six-month period." *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 945 (9th Cir. 2006) (citing 15 U.S.C. § 78p(b)). It "identifies three classes of insiders—directors, officers and beneficial owners [of more than 10% of any share class]—and makes them liable, without fault or intended wrongdoing, for trading in their company's shares." *Id.* at 947 (citing 15 U.S.C. § 78p(b)). "The elements of a claim under § 16(b) are (1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a 6-month period (5) resulting in profit." *Greenfield v. Criterion Capital Mgmt., LLC*, No. 15-CV-3583-PJH, 2017 WL 2720208, at *5 (N.D. Cal. June 23, 2017) (citing *Dreiling*, 578 F.3d at 1001).

Probility contends that Section 16(b) barred short-swing trading by Defendants because Defendants became beneficial owners of more than 10% of Probility's stock in June 2017 based on a convertible note obtained in connection with the settlement of a state court lawsuit. [Doc. No. 1 at ¶ 75.] The Court need not accept the truth of this conclusory allegation, however, because the settlement agreement and convertible note, which are attached to the complaint, directly contradict it. *See Daniels-Hall*, 629 F.3d at 998. Specifically, the Settlement Agreement states that "[u]nder no circumstances will Probility issue to Mesa . . . at any one time a number of shares which, when aggregated with all shares of Common Stock then beneficially owned or controlled by Mesa or its affiliates, exceed 9.99% of the total number of shares of Common Stock outstanding after such issuance." [Doc. No. 1-2 at 5.] The convertible note itself similarly states that "in no event shall [Probility] have the right to convert into, nor shall the Issuer issue to such Holder, shares of Common Stock to the extent that such conversion would result in the Holder and its affiliates together beneficially owning more than 9.99% of the then issued and outstanding shares of Common Stock." [Doc. No. 1-3 at 3.] In other words, by their plain language, the Settlement Agreement and convertible note cap Defendants' ability to convert the outstanding principal on the note into shares at 9.99% of Probility's outstanding stock. In light of this conversion cap, the settlement agreement and convertible note did not give Defendants the right to acquire more than 10% of the outstanding Probility stock, meaning that, contrary to the allegations in the text of the complaint, the settlement agreement and convertible note did not make Defendants beneficial owners of more than 10% of Probility's outstanding stock. Accordingly, Section 16(b)'s short-swing trading prohibition was not triggered by the state court settlement.

Regardless, even if the settlement agreement and convertible note attached to the complaint subjected Defendants to Section 16(b)'s short-swing trading bar, the complaint lacks any factual allegations of actual short-swing trades that violated Section 16(b). Section 16(b)'s short-swing trading prohibition does not "cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and

purchase, of the security." 15 U.S.C. § 78p(b). The Supreme Court has interpreted this language to mean that "in a purchase-sale sequence, a beneficial owner must account for profits only if he was a beneficial owner 'before the purchase.'" *Foremost-McKesson, Inc. v. Provident Securities Co.*, 423 U.S. 232, 249-50 (1976). In other words, using the elements of a Section 16(b) claim enumerated above, the shareholder must have held 10% of the share class both before the purchase (i.e., not as a result of the purchase) and at the time of the sale of the stock.

Probility does not (and cannot) allege that Defendants were beneficial owners of 10% of Probility's stock both at the time of purchase and the time of any sales of Probility stock. Although the complaint makes the conclusory and vague statement that "before each short-swing transaction, Defendants [] were beneficial owners of 10% of the outstanding common stock of Probility," this conclusion is contradicted by Probility's position that Defendants only became beneficial owners of more than 10% of Probility's stock as a result of the June 20, 2017 state court settlement. [Doc. No. 1 ¶¶ 74-75, 103.] The complaint does not allege that Defendants purchased, or acquired the right to obtain, any Probility stock after June 20, 2017, only that Defendants sold stock after that date. If Defendants did not purchase any Probility stock *while they were a beneficial owner*, Defendants cannot be liable under Section 16(b) for any sales that may have happened while they were a beneficial owner. Thus, even assuming Defendants became beneficial owners of 10% of Probility's outstanding shares via the settlement agreement and convertible note, Defendants' subsequent sales of Probility stock did not trigger Section 16(b).

**III. Disposition**

The complaint and exhibits thereto indicate that Defendants became beneficial owners of, at most, 9.99% of issued and outstanding shares of Probility's common stock on June 20, 2017. Because Defendants never became beneficial owners of at least 10% of Probility stock, Section 16(b) of the Exchange Act did not apply to any subsequent transactions by Defendants. Moreover, even if Section 16(b)'s short-swing trading

prohibition did apply as of June 20, 2017, there are no allegations in the complaint that Defendants both purchased *and* sold Probility stock *after* June 20, 2017. Thus, the complaint does not state a claim for violation of Section 16(b). Accordingly, the last remaining claim in the complaint, claim two for violation of Section 16(b), is **DISMISSED**.

It is **SO ORDERED**.

Dated: April 10, 2018

Hon. Cathy Ann Bencivengo
United States District Judge